UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>NATHANIEL PEMBROOK,<br>DAVID BRILEY,<br>SHAEED CALHOUN,<br>ORLANDO JOHNSON,<br><br>      Defendants. | Case No. 2:14-cr-20525<br>Honorable Laurie J. Michelson |

**OPINION AND ORDER DENYING DEFENDANT BRILEY'S EMERGENCY MOTION FOR SEVERANCE FROM DEFENDANT PEMBROOKE [97]**

On April 22, 2014, four men attempted to rob a jewelry store in Grand Rapids, Michigan, but, after one was shot by a store owner, they fled without merchandise. Later that same day, three men stole $1,500,000 in Rolex watches from a jewelry store in West Bloomfield, Michigan. Defendants Nathaniel Pembrook, David Briley, Shaeed Calhoun, and Orlando Johnson are charged with multiple criminal offenses arising out of these robberies. More specifically, the four Defendants are charged together in an October 21, 2014 Superseding Indictment with: Count One: Interference With Commerce by Robbery (the "Hobbs Act"), Aiding and Abetting; Count Two: Possession of a Firearm in Furtherance of a Crime of Violence, Aiding and Abetting; Count Three: Conspiracy to Interfere With Commerce by Robbery; Count Four: Possession of a Firearm in Furtherance of a Crime of Violence, Aiding and Abetting; and Count Five: Possession of a Firearm by a Felon, Aiding and Abetting. (Dkt. 9, Superseding Indictment).

Trial is presently scheduled for November 16, 2015. After a year of trial preparation, Defendant David Briley claims he just learned that Defendant Nathaniel Pembrook's trial

strategy "would severely prejudice the remaining defendants' right to a fair trial." (Dkt. 97, Mot. To Sever at ¶ 4.) He thus seeks to "sever[] the trial of Defendants Briley, Calhoun, and Johnson" from that of Pembrook. (*Id.* at ¶ 2.) Defendants Calhoun and Johnson joined in the motion. (Dkt. 98, 101). The Government has filed a response. (Dkt. 99.) After careful consideration of the briefs and given Briley's request for emergency status, the Court finds that oral argument is not necessary in resolving the pending motion. See E.D. Mich. LR 7.1(f)(2). Because the motion fails to establish the requisite level of prejudice to merit a severance under Federal Rule of Criminal Procedure 14, it will be **DENIED.**

I.

Rule 14(a) states that "[i]f the joinder of offenses or defendants in an indictment . . . or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). But in the federal system, there is a preference for joint trials of defendants who are indicted together. *Zafiro v. United States*, 506 U.S. 534, 537, 113 S. Ct. 933, 122 L. Ed. 2d 317 (1993); *see also United States v. Causey*, 834 F.2d 1277, 1287 (6th Cir. 1987) (noting that "[a]s a general rule, persons jointly indicted should be tried together.") This preference is especially strong where, as here, "two defendants are accused of participating in a conspiracy or joint scheme." *United States v. Cope*, 312 F.3d 757, 780 (6th Cir. 2002) (citing *United States v. Weiner*, 988 F.2d 629, 634 (6th Cir. 1992)). "Juries are presumed to be capable of following instructions . . . regarding the sorting of evidence and the separate consideration of multiple defendants." *United States v. Walls*, 293 F.3d 959, 966 (6th Cir. 2002) (citations omitted). Thus, severance "is an extraordinary remedy, employed only to alleviate 'a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the

jury from making a reliable judgment about guilt or innocence.'" *United States v. Franklin*, 415 F.3d 537, 556 (6th Cir. 2005) (quoting *Zafiro*, 506 U.S. at 539). A risk of prejudice might occur where "evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant." *Zafiro*, 506 U.S. at 539. But the Defendants have provided no such evidence here.

Instead, Briley's primary contention is that the evidence against him is slight and thus, there is serious risk that he will be unable to overcome the spill-over damage from the trial strategy of and strong evidence relating only to co-defendant Pembrook. (Dkt. 97, Brief to Sever at 3-5.) According to Briley, "A great deal of evidence will be offered at trial regarding Mr. Pembroke being shot at Medawar Jewelers in Grand Rapids. Mr. Pembroke's response to that evidence will result in very real prejudice to Mr. Briley." (*Id*. at 5.) Pembrook's strategy, says Briley, will result in the presentation of information and evidence that the jury should not consider against him and that will prevent a jury from making a reliable judgment about his guilt or innocence. (*Id*. at 3.) These arguments do not warrant a severance.

As a threshold matter, conclusory or generalized allegations of prejudice—such as that contained in Briley's motion—are insufficient. *See United States v. Driver*, 535 F.3d 424, 427 (6th Cir. 2008); *United States v. Willis*, 232 F. App'x 527, 533 (6th Cir. 2007).

Additionally, "it is well-settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *United States v. Tocco*, 200 F.3d 401, 414 (6th Cir. 2000) (quoting *Zafiro*, 506 U.S. at 540). Nor is severance required "if some evidence is admissible against some defendants and not others" or "because the proof is greater against a co-defendant." *United States v. Warner*, 971 F.2d 1189, 1196 (6th Cir. 1992) (citation omitted). As the Sixth Circuit has explained:

> A defendant is not entitled to a severance simply because the evidence against a codefendant is far more damaging than the evidence against him. . . . [I]n a joint trial, there is always a danger that the jury will convict on the basis of the cumulative evidence rather than on the basis of evidence relating to each defendant. However, we adhere to the view, as previously stated by our court, that the jury must be presumed capable of sorting out the evidence and considering the case of each defendant separately. The presentation of evidence applicable to more than one defendant is simply a fact of life in multiple defendant cases.

*Causey*, 834 F.2d at 1288; *see also United States v. Beverly*, 369 F.3d 516, 534 (6th Cir. 2004) (holding that the moving defendant had not shown "substantial prejudice" where he argued that likelihood of acquittal increases with severance and that evidence against a co-defendant is far more damaging). Thus, the fact that there may be more direct (scientific) evidence linking Pembrook to the robberies than the other Defendants does not warrant a severance. Nor do Defendants explain why, given the nature of the charges against them, the evidence involving Pembrook would not also be admissible in any separate trial against them.

To avoid potential privilege issues, Briley does not disclose Pembroke's allegedly prejudicial trial strategy, but offers to do so *in camera*. (Mot. to Sever at ¶ 4.) The Court finds this unnecessary—and insufficient. While Rule 14(b) allows the Court to "order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence," the language of the rule is permissive—not mandatory. *See United States v. Floyd*, No. 2:14-CR-126, 2015 WL 2194790, at *9 (S.D. Ohio May 11, 2015) (deferring ruling on a motion for severance based on a co-defendant's alleged confession and declining to order in camera review of the alleged statement). And it does not cover the precise situation raised in Briley's motion. If, right before trial, Defendants want to rely on this argument as the basis of a motion to sever, the Government has a right to respond with knowledge of the alleged prejudice. But even assuming Pembrook intends to point the finger at a co-conspirator, or acknowledge some or all of his co-defendants' involvement or participation,

4

or, as the Government speculates, concede his own participation in the attempted robbery of Medawar Jewelers, this alone does not warrant a severance.

> Hostility among defendants or the attempt of one defendant to save himself by inculpating another does not require that defendants be tried separately. Neither does a difference in trial strategies mandate separate trials. The burden is on defendants to show that an antagonistic defense would present a conflict so prejudicial that defenses are irreconcilable, and the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty.

*Warner*, 971 F.2d at 1196 (internal quotation marks and citations omitted); *see also United States v. Horton*, 847 F.2d 313, 317 (6th Cir. 1988) (explaining that the "mere fact that each defendant 'points the finger' at the other is insufficient;" rather, the defendant must show that the antagonism will likely mislead or confuse the jury); *United States v. Dhaliwal*, 464 F. App'x 498, 509-510 (6th Cir. 2012) ("[T]he attempt of one defendant to save himself by inculpating another defendant does not require that the defendants be tried separately." (citation omitted)); *United States v. Ferguson*, 844 F. Supp. 2d 810, 827 (E.D. Mich. 2012) ("A need to employ a trial strategy of differentiating a defendant from his co-defendants cannot be sufficient to demonstrate prejudice requiring severance; if it were, it would be virtually impossible to try co-defendants, whose levels of culpability differ, together in a single trial.")

Another Court in this District recently denied a motion to sever on the ground of prejudicial finger pointing by the defendants. *United States v. Norwood*, 50 F. Supp. 3d 810 (E.D. Mich. 2014). The Court found that "Defendants have not identified any specific trial right violated by their joinder in light of their purportedly antagonistic defenses, nor have they sufficiently shown how their joinder will result in substantial jury confusion. This is particularly true if a proper instruction is given that (i) the potential guilt of one Defendant does not mandate the guilt of other Defendants; (ii) that guilt is individual; and (iii) that the jury may find a Defendant guilty based only on the evidence presented as to that Defendant." *Id.* at 828–29; *see*

*also Zafiro*, 506 U.S. at 540–541 (noting that, even in cases where defendants accuse each other, any prejudice typically can be resolved with an instruction that the jury must "give separate consideration to each individual defendant and to each separate charge against him," and that each defendant "is entitled to have his or her own case determined from his or her own conduct and from the evidence that may be applicable to him or her").

Similarly here, Defendants have not established any specific trial right violated by their joinder with Pembrook, beyond generally stating that a joint trial would compromise their right to a fair trial. Briley simply asserts that "[t]here may also be certain admissions by codefendant Pembrook during trial" and that the "introduction of such statements requires severance in order to protect Mr. Briley's Sixth Amendment rights to confront and cross examine witnesses against him." (Brief to Sever at 4, citing *Bruton v United States,* 391 U.S. 123, 126 (1968) and *Crawford v Washington*, 541 U.S. 36 (2004)). But the potential statements are not identified. It is unclear whether the statements are testimonial, were made in furtherance of the conspiracy, or could be redacted to avoid reference to the other defendants and admitted only as to Pembrook. It is equally unclear whether the statements will be presented through the testimony of Pembrook himself or some other witness. Thus, the Court cannot find that the introduction of these undisclosed statements or admissions would violate Briley's Sixth Amendment rights.

## II.

Because the defendants have not made a "strong showing of factually specific and compelling prejudice resulting from a joint trial," *Warner*, 971 F.2d at 1196, their motion to

sever must be denied.

      SO ORDERED.

                                 s/Laurie J. Michelson
                                 LAURIE J. MICHELSON
                                 UNITED STATES DISTRICT JUDGE

Dated: November 2, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on November 2, 2015.

                                 s/Jane Johnson
                                 Case Manager to
                                 Honorable Laurie J. Michelson