UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>NATHANIEL PEMBROOK,<br>DAVID BRILEY,<br>SHAEED CALHOUN,<br>ORLANDO JOHNSON,<br><br>            Defendants. | Case No. 2:14-cr-20525<br>Honorable Laurie J. Michelson<br>Magistrate Judge Mona K. Majzoub |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT JOHNSON'S MOTION TO ALLOW DELAYED SUPPLEMENTAL CLAIM FOR JUDGMENT OF ACQUITTAL [161]**

On December 18, 2015, the jury returned a verdict of guilty as to all Defendants on all five counts of the second superseding indictment. (Dkt. 146.) At that time, the Court denied the Defendants' pre-verdict motions for judgment of acquittal. (Dkt. 148.) The Court provided that any renewed motions for judgment of acquittal would be due on February 1, 2016. (*Id.*) Defendants Calhoun and Pembrook filed their renewed motions in accordance with that deadline. (Dkts. 151, 152.) Defendants Briley and Johnson were granted an extension until March 1, 2016. (Dkt. 153.) Johnson filed his motion on February 10, 2016 (Dkt. 154), and Briley filed his on March 1, 2016 (Dkt. 155). After briefing closed, the Court issued a ruling on April 21, 2016 denying all four motions. (Dkt. 160.) Sentencings have been set for May 3 and May 12, 2016.

On April 22, the day after the Court issued its ruling on the motions, Johnson filed a "Motion to Allow Delayed Supplemental Claim to Motion for Acquittal." (Dkt. 161.) He seeks to raise a new issue not argued in any of the motions for judgment of acquittal. The basis of the motion is the Sixth Circuit's February 11, 2016 ruling in *United States v. Taylor*, 814 F.3d 340

(6th Cir. 2016). The Court, in a 2-1 decision, ruled that the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015)—finding unconstitutional the residual clause of the Armed Career Criminal Act—did not compel the conclusion that 18 U.S.C. § 924(c)(3)(B) is also unconstitutionally vague. Here, Defendant Johnson argues that, given the dissenting opinion in *Taylor* and contrary rulings by other Circuits, "the current status of this issue is ripe for Supreme Court appeal and [he] wishes to preserve this issue for the purposes of appeal." (Dkt. 161 at 3.) Calhoun and Briley have joined in the motion. (Dkts. 162, 163.) The Court will consider the motion—and it will be denied.

The motion is clearly untimely, as Johnson's deadline to file his renewed motion was March 1, 2016. True, he ultimately filed his motion earlier—February 10, 2016—but the *Taylor* case he cites as the basis for his motion was decided only one day later. *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016). Johnson elected not to file a reply brief, and he did not file the present motion until April 22, 2016—the day after this Court issued its ruling on the motions. This was also weeks after Johnson's renewed motion would have been due.

Even considering the substance of the motion, the Court would not enter a judgment of acquittal. As Johnson acknowledges, the majority opinion in *Taylor* "rejected" the argument that, based on *Johnson v. United States*, the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutional. (Mot. at 3.) Indeed, in *Taylor*, the Sixth Circuit held that "*Johnson* does not require reversal of [the defendant's conviction under 18 U.S.C. § 924(c)(3)(B)], because several factors distinguish the ACCA residual clause from § 924(c)(3)(B)." *Id.* at 376. This Court is not free to disregard Sixth Circuit precedent. For this reason alone, the Court denies Defendant's motion.

2

Moreover, it is not a given that the defendants' 924(c) convictions fell under subsection (c)(3)(B) (the residual clause) as opposed to subsection (c)(3)(A) (the force clause). The second superseding indictment does not specify. Nor have the parties briefed the issue at any point in the case. And many courts to reach the issue have found that Hobbs Act robbery falls within the force clause. *See, e.g.*, *United States v. Williams*, No. 2:15-CR-00069-JDL, — F. Supp. 3d —, 2016 WL 1555696, at *10 (D. Me. Apr. 15, 2016); *United States v. Morgan*, No. CR 14-20610, 2015 WL 9463975, at *6 (E.D. Mich. Dec. 18, 2015); *United States v. Standberry*, No. 3:15CR102-HEH, — F. Supp. 3d —, 2015 WL 5920008, at *6 (E.D. Va. Oct. 9, 2015). If that is the case for Defendants' convictions, the need to reach the *Johnson* issue would be obviated. *See United States v. Clarke*, — F. Supp. 3d —, No. CR JKB-15-503, 2016 WL 1110306, at *6 (D. Md. Mar. 22, 2016) (declining to reach the vagueness question).

Finally, if, as Johnson asserts, the issue is "ripe for Supreme Court appeal" and the Supreme Court upon review indeed comes to the conclusion that Johnson advocates in his brief, he will likely have other means to pursue relief. "A postjudgment change in the law having retroactive application may, in special circumstances, constitute an extraordinary circumstance warranting vacation of a judgment." *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986) (considering a petition for habeas corpus). This would be so even if Johnson's predicted change in the law occurred after he completed post-conviction proceedings. *McCleskey v. Zant*, 499 U.S. 467, 520 n.8 (1991) ("A retroactive change in the law and newly discovered evidence are examples of instances in which petitioner's failure to assert a ground in a prior petition is excusable." (citation and internal quotation marks omitted)).

For these reasons, Johnson's Motion to Allow Delayed Supplemental Claim is GRANTED IN PART and DENIED IN PART.

SO ORDERED.

                                        s/Laurie J. Michelson
                                        LAURIE J. MICHELSON
                                        U.S. DISTRICT JUDGE